## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH KANE, CANDI AMUSO, and KEISHA EDWARDS, Individually and on Behalf of All Other Persons Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> OLLIE'S BARGAIN OUTLET HOLDINGS, INC. <br><br> Defendant. | ) <br> ) <br> ) <br> ) **COLLECTIVE ACTION** <br> ) **COMPLAINT** <br> ) <br> ) Jury Trial Demanded <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) |

## INTRODUCTION

Plaintiffs Joseph Kane ("Kane") Candi Amuso ("Amuso") and Keisha Edwards ("Edwards") (collectively "Plaintiffs"), individually and on behalf of all others similarly situated Co-Team Leaders, and similarly situated current and former employees holding comparable positions, but holding different titles, file this Collective and Class Action Complaint (the "Complaint") against Defendants Ollie's Bargain Outlet Holdings, Inc. ("Defendant" or "Ollie's Bargain Outlet"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et. seq.*. The following allegations are based on personal knowledge as to Plaintiffs' conduct and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

1. Plaintiffs allege on behalf of themselves and other current and former Co-Team Leaders and similarly situated current and former employees holding comparable positions but different titles ("Co-Team Leaders or "CTLs") employed by Defendant in the United States, who elect to opt into this action pursuant to the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. § 216(b) (hereinafter the "Collective" or "Collective Action Members"), that they are

entitled to, *inter alia*: (i) unpaid overtime wages for hours worked above 40 in a workweek, as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District. Plaintiff Kane resides in this District.

4. Defendants regularly conduct business in this district.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

*I. The Plaintiffs*

6. Plaintiff Kane is an individual residing in Philadelphia Pennsylvania.

7. During all relevant times, Plaintiff Kane was employed by Ollie's Bargain Outlet from in or around September 2015 to July 2016 as an CTL at Ollie's Bargain Outlet stores located in Hamilton New Jersey and Bristol, Pennsylvania.

8. Plaintiff Kane has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). *See* Exhibit A.

9. Plaintiff Amuso is an individual residing in Vass, North Carolina.

10. During all relevant times, Plaintiff Amuso was employed by Ollie's Bargain Outlet from in or around February 2016 to November 2016 as a CTL at Ollie's Bargain Outlet store located in Fayetteville, North Carolina.

11.    Plaintiff Amuso has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). *See* Exhibit A.

12.    Plaintiff Edwards is an individual residing in Chocowinity, North Carolina.

13.    During all relevant times, Plaintiff Edwards was employed by Ollie's Bargain Outlet from in or around November 2015 to June 2016 as a CTL at Ollie's Bargain Outlet stores Greenville, N. Carolina.

14.    Plaintiff Edwards has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). *See* Exhibit A.

15.    Plaintiffs worked in excess of 40 hours per workweek, without receiving wages from Defendants for all hours worked, as well as overtime compensation as required by federal and state laws.

## II.    *Defendants*

16.    Defendant Ollie's Bargain Outlet Holdings, Inc. is a corporation, organized and existing under the laws of Delaware, with its corporate headquarters in 6295 Allentown Boulevard, Suite 1, Harrisburg, Pennsylvania.

17.    Defendant Ollie's Bargain Outlet Holdings, does business as Ollie's Bargain Outlet.

18.    According to its most recent 10-Q SEC filing, dated December 7, 2017, Defendant Ollie's Bargain Outlet operates a chain of 265 Ollie's Bargain Outlet retail locations in 20 states (Alabama, Connecticut, Delaware, Florida, Georgia, Indiana, Kentucky, Maryland, Michigan, Mississippi, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Virginia, and West Virginia), with sales of over 890 Million in 2016.

19. Defendant Ollie's Bargain Outlet is an extreme value retailer of brand name merchandise at drastically reduced prices, offering customers a broad selection of brand name products, including food, house wares, books and stationery, bed and bath, floor coverings, electronics and toys.

20. Defendant Ollie's Bargain Outlet was and still is doing business at its retail locations in New Jersey, and 19 other states.

21. Defendant Ollie's Bargain Outlet employs/employed Plaintiffs and other similarly situated current and former Co-Team Leaders at its Ollie's Bargain Outlet locations across the United States.

22. At all times relevant, Defendant Ollie's Bargain Outlet Holdings, has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

23. At all times relevant, Defendant Ollie's Bargain Outlet Holdings, has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

24. At all times relevant herein, Defendant Ollie's Bargain Outlet Holdings, has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s) (1) of the FLSA because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1).

25. Defendant Ollie's Bargain Outlet Holdings, has had and has a gross volume of sales, made or done business in an amount of at least $500,000.

26. At all times relevant, Plaintiffs and all similarly situated Co-Team Leaders were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

27. Defendants issued paychecks to the Plaintiffs and all similarly situated employees during their employment.

28. The Plaintiffs were paid on a salary basis exempt from overtime by Defendant.

29. Defendants suffered, permitted or directed the work of Plaintiffs and similarly situated employees, and Defendants benefited from work performed by Plaintiffs and similarly situated employees.

30. Defendant did not pay Plaintiffs and other similarly situated employee's overtime wages for hours they worked for its benefit in excess of forty (40) hours in a workweek.

31. Pursuant to Defendant's policy, pattern, and practice, Defendants did not pay Plaintiffs and other similarly situated employee's proper overtime wages for hours they worked for Defendant's benefit in excess of 40 hours in a workweek.

32. Plaintiffs and similarly situated employees worked in excess of forty (40) hours per workweek, without receiving overtime compensation as required by the FLSA.

33. Plaintiffs worked in excess of forty (40) hours per workweek, without receiving overtime compensation as required by the PMWA.

## FACTUAL ALLEGATIONS

34. Defendants employed Plaintiffs, and the Collective Action members, as CTLs.

35. Defendants maintain control, oversight, and discretion over the operation of its retail stores, including its employment practices with respect to Plaintiffs, the Collective Action members.

36. Plaintiffs' and the Collective Action members' performed work as Co-Team Leaders that was integrated into the normal course of Defendant's business.

37. Consistent with Defendant's policy, pattern and/or practice, Plaintiffs, the Collective Action members, regularly worked in excess of 40 hours per workweek without being paid overtime wages.

38. Plaintiff Kane actually worked approximately 55-60 hours per week during each week, and was not paid for the hours worked in excess of 40. For example, during the week of September 13, 2015 through September 19, 2015 Plaintiff Kane worked approximately 55 hours.

39. Plaintiff Amuso actually worked approximately 55 to 60 hours or more a week during each week in which she worked five or more shifts, and was not paid for the hours worked in excess of 40. For example, during the week of June 5, 2016 through June 11, 2016, Plaintiff Amuso worked approximately 57 hours.

40. Plaintiff Edwards actually worked approximately 55-60 hours or more a week during each week in which she worked five or more shifts, and was not paid for the hours worked in excess of 40. For example, during the week of May 22, 2016 through May 28, 2016, Plaintiff Edwards worked approximately 60 hours and did not get paid overtime.

41. The number of shifts Plaintiffs and each Collective Action Member worked per week can be ascertained from Defendant's records.

42. Defendants assigned all of the work performed by Plaintiffs and the Collective Action, and is aware of all the work that they have performed.

43. This work required little skill and no capital investment.

44. This work required of the Plaintiffs the Collective Action, did not include managerial responsibilities.

45. Throughout the Collective Action Period, Plaintiffs, and the Collective Action Members, performed the following primary job duties including but not limited to: working the cash registers, stocking shelves, cleaning the store, assisting customers, unpacking merchandise, moving stock around and other manual tasks.

46. Throughout the Collective Action Period, the primary job duties of Plaintiffs, the Collective Action members, did not include: hiring, firing, disciplining, or directing the work of other employees, and exercising meaningful independent judgment and discretion.

47. The primary job duties of Plaintiffs, the Collective Action members did not materially differ from the duties of non-exempt hourly paid employees.

48. The primary duties of Plaintiffs the Collective Action members, were manual in nature.

49. The Plaintiffs, and the Collective Action members, performance of manual labor and non-exempt duties occupied the majority of Plaintiffs, and the Collective Action members working hours.

50. Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendants classified Co-Team Leaders and other similarly situated current and former employees holding comparable positions but different titles, as exempt from coverage of the overtime provisions of the FLSA.

51. Defendant did not perform a person-by-person analysis of the job duties of Co-Team Leaders when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA.

52. Defendant established labor budgets to cover labor costs for the stores in which Plaintiffs the Collective Action members, worked.

53. Defendant did not provide sufficient resources in the labor budgets for non-exempt employees to complete all the non-exempt tasks in each store.

54. Defendant knew or recklessly disregarded the fact that failing to provide sufficient resources in store labor budgets resulted in Plaintiffs and other similarly situated Co-Team Leaders (who were not paid overtime) to work more than forty (40) hours in a workweek and primarily perform manual and non-exempt duties during their workweeks, without receiving overtime compensation. This allowed Defendants to avoid paying additional wages (including overtime) to the non-exempt store-level employees.

55. Defendant acted willfully and knew, by virtue of the fact that its Store Team Leaders and Regional Managers (as its authorized agents) actually saw the Plaintiffs and other similarly situated Co-Team Leaders perform primarily manual labor and non-exempt duties, that as a result of the underfunded labor budgets Defendant's had non-exempt employees primarily performing such work.

56. Defendant knew that Plaintiffs and other similarly situated Co-Team Leaders were not performing activities that would suffice to make their actual job duties comply with any FLSA exemption and, Defendant, a substantial corporate entity aware of its obligations under the FLSA, it, accordingly, acted willfully or recklessly in failing to classify Plaintiffs and other similarly situated Co-Team Leaders as non-exempt employees.

57. Defendant is aware of or should have been aware, through Store Team Leaders and Regional Managers (as its authorized agents), that Plaintiffs and other similarly situated Co-Team Leaders were primarily performing non-exempt duties. As a retailer operating over 265 stores through 20 states, Defendant knew or recklessly disregarded the fact that the FLSA, required it to

pay employees primarily performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

58. Defendant's unlawful conduct as described above, was willful and/or in reckless disregard of the FLSA.

59. Defendant's unlawful conduct was accomplished through Defendant's centralized, company-wide policy, pattern, and practice of attempting to minimize labor costs by violating the FLSA.

60. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a policy, pattern, and practice of violating the FLSA with respect to Plaintiffs, the members of the Collective Action. This policy, pattern, and practice includes, but it is not limited to Defendant's knowledge of its obligations and the kind of work that Plaintiffs, the Collective Action members, were and, have been performing, and that as a result, Defendant has been:

   a. willfully misclassifying Plaintiffs, members of the Collective Action as exempt from the overtime requirements of the FLSA;

   b. willfully failing to pay Plaintiffs, and the members of the Collective Action overtime wages for hours they worked in excess of 40 hours per week; and

   c. willfully failing to provide enough money in its store-level labor budgets for its non-exempt employees to perform their duties and responsibilities, forcing its Co-Team Leaders to perform such non-exempt tasks.

61. Defendant's willful violations of the FLSA, are further demonstrated by the fact that during the course of the Collective Action Period, and continuing to the present, Defendant

failed to maintain accurate and sufficient time records for Plaintiffs, and the members of the Collective Action. Defendant acted recklessly or in willful disregard of the FLSA, by instituting a policy and/or practice that did not allow Plaintiffs to record all hours worked.

62. During the course of the Collective Action, Defendant failed to post or keep posted a notice explaining the minimum wage and overtime wage requirements, as provided under the FLSA. This failure to post or keep posted a notice explaining the minimum wage and overtime wages was willful or in reckless disregard of the Plaintiffs' and other similarly situated Co-Team Leaders rights under the FLSA.

63. Due to the foregoing, Defendant's failure to pay overtime wages for work performed by the Plaintiffs, the Collective Action Members in excess of 40 hours per workweek was willful and has been widespread, repeated and consistent.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

64. Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiffs seek to prosecute their FLSA claims as a Collective Action on behalf of all persons who are or were formerly employed by Ollie's Bargain Outlet as Co-Team Leaders and individuals holding comparable salaried positions with different titles employed by Defendant within the United States at any time three years prior to the date of filing this Complaint, to the entry of judgment in this case (the "Collective Action Period").

65. During the FLSA Liability Period, Defendant has employed numerous Co-Team Leaders who are similarly situated to Plaintiffs in that they have performed the same duties as the Plaintiffs, and have been subjected to the same illegal pay practices as the Plaintiffs.

66. During the FLSA Liability Period, CTLs like the Plaintiffs, have been victims of a common policy, plan, or scheme by Defendants to misclassify CTLs as exempt and to deny them overtime compensation required by the FLSA.

67. During the FLSA Liability Period, Co-Team Leaders, like Plaintiffs, have been uniformly affected by Defendants' centralized, companywide policy and/or practice to classify the CTLs as exempt and to deny them overtime compensation required by the FLSA, which applied at all of Defendant's locations in the United States.

68. Defendant's misclassification of Plaintiffs and other similarly situated Co-Team Leaders, and Defendant's unlawful compensation policies and/or practices, have been in willful disregard of the rights of Plaintiffs, and other similarly situated Co-Team Leaders under the FLSA.

69. Defendant is liable under the FLSA for, *inter alia*, failing to pay proper overtime wages to Plaintiffs and other similarly situated employees.

70. There are many similarly situated current and former Co-Team Leaders who have not been paid overtime wages in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Collective pursuant to 29 U.S.C. § 216(b).

71. The similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendant's records.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT: UNPAID OVERTIME WAGES**
**(Brought on Behalf of Plaintiffs and All Collective Action Members)**

72. Plaintiffs re-allege and incorporate all of the preceding paragraphs.

11

73. At all relevant times, Defendant has been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

74. At all relevant times, Defendant employed Plaintiffs, and employed or continue to employ, each of the Collective Action Members within the meaning of the FLSA.

75. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

76. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

77. The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq.*, apply to Defendants.

78. At all relevant times and continuing to the present, Defendant has a policy and practice of refusing to pay overtime compensation to its Co-Team Leaders and similarly situated employees in comparable positions but holding different titles, for hours worked in excess of 40 hours per workweek.

79. As a result of Defendant's willful failure to compensate its employees, including Plaintiffs and Collective Action Members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

80. As a result of Defendant's willful failure to record, report, credit, and compensate its employees, including Plaintiffs and the Collective Action Members, Defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages,

hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

81. As a result of Defendant's policy and practice of minimizing labor costs by underfunding labor budgets for its stores, Defendant knew or recklessly disregarded the fact that Plaintiffs and the Collective Action Members were primarily performing manual labor and non-exempt tasks.

82. Due to Defendant's (a) failure to provide enough labor budget funds, (b) failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiffs and Collective Action Members, (c) actual knowledge, through its Store Team leaders and Regional Managers that the primary duties of Plaintiffs and the Collective Action Members were manual labor and other non-exempt tasks, (d) failure to perform a person-by-person analysis of Plaintiffs' and the Collective Action Members' job duties to ensure that they were performing exempt job duties, (e) instituting a policy and practice that did not allow Plaintiffs and the Collective Action Members to record all hours worked, and (f) failure to post or keep posted a notice explaining the minimum wage and overtime wage requirements, Defendants knew and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

83. As a result of Defendant's FLSA violations, Plaintiffs, on behalf of themselves and the Collective Action Members, are entitled to (a) recover from Defendants their unpaid wages for all of the hours worked by them, as overtime compensation; (b) recover an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA; and, (c) recover their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

84. Defendant's violations of the FLSA have been willful, thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, the Collective Action Members are entitled to and pray for the following relief:

a. Designation of this action as an FLSA collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b),

b. Equitable tolling of the FLSA statute of limitation as a result of Defendant's failure to post requisite notices under the FLSA;

c. A declaratory judgment that the practices complained of are unlawful under the FLSA;

d. An amount of unpaid wages for all hours worked in excess of 40 hours in a workweek, at a rate of one and one-half times the regular rate of pay under the FLSA, using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

e. An amount of liquidated and punitive treble damages, and/or civil penalties as a result of Ollie's Bargain Outlet's willful failure to pay for all hours worked in excess of 40 hours in a workweek, at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. § 216(e)(2);

f.  An amount of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

g.  An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

h.  An amount of prejudgment and post-judgment interest;

i.  An amount of costs and expenses of this action together with reasonable attorneys', expert fees and an amount of a service payment to the Plaintiffs; and

j.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to FED. R. CIV. P. 38(b), Plaintiffs, and the Collective Action Members and all members of the State Class demand a trial by jury on all questions of fact raised by the Complaint.

Dated: March 12, 2018

By: *Marc Hepworth*
Marc S. Hepworth, Esq.

Charles Gershbaum, Esq.*
David A. Roth, Esq.*
Rebecca S. Predovan, Esq.*
HEPWORTH, GERSHBAUM & ROTH, PLLC
192 Lexington Avenue, Suite 802
New York, New York 10016
Tel: (212) 545-1199
Fax: (212) 532-3801
mhepworth@hgrlawyers.com
cgershbaum@hgrlawyers.com
droth@hgrlawyers.com
Rpredovan@hgrlawyers.com

*To be admitted Pro Hac Vice

*Attorneys for Plaintiffs*

# EXHIBIT "A"