# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| _____ | : | |
| JOSEPH KANE, et al., | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CASE NO. 18-cv-2261-YK |
| | : | |
| OLLIE'S BARGAIN OUTLET, INC., | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## DECLARATION OF KATHLEEN MCLEOD CAMINITI IN SUPPORT OF DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION OF <u>PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION</u>

I, Kathleen McLeod Caminiti, declare under penalty of perjury and state as follows:

1.      I am admitted *pro hac vice* in the above-referenced matter. I am an attorney at Fisher & Phillips, LLP, attorneys for Defendant Ollie's Bargain Outlet, Inc. ("Ollie's" or "Defendant").  I submit this Declaration in support of Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion for Conditional Certification.

2.      Plaintiffs filed this collective action asserting claims under the Fair Labor Standards Act ("FLSA").  Plaintiffs now seek to certify a nationwide class of "all current and/or former [CTLs] employed by [Ollie's], nationwide at any time

from March 12, 2015 through present." During the class period (through October 2019), I am advised that the number of CTLs in the putative class has increased to 1,042 and the number of stores has increased to 345 stores in 25 states. *See* https://www.ollies.us/what-is-ollies/; https://www.ollies.us/locations/.

3.      Attached hereto as Exhibit A is a true and correct copy of a form letter which Plaintiff's counsel distributed to some Ollie's CTLs.

4.      Attached hereto as Exhibit B is a true and correct copy of a December 6, 2017 email from Charles Gershbaum to Plaintiff Kane, produced by Kane in this litigation and bates labeled Kane 3-4.

5.      Attached hereto as Exhibit C is a true and correct copy of a December 7, 2017 email from Charles Gershbaum to Plaintiff Amuso, produced by Amuso in this litigation and bates labeled Amuso 184.

6.      Attached hereto as Exhibit D is a true and correct copy of a complete set of 56 Declarations of Ollie's employees, detailing the work they performed in the   Co-Team  Leader  (CTL)  position,  bates  labeled  OLLIES  2956-3188 CONFIDENTIAL.

7.      Attached hereto as Exhibit D-1 is a summary of key information from the aforementioned Declarations, which was prepared by Ollie's counsel for the Court's convenience pursuant to Fed. Evid. R. 1006.

8.     Attached hereto as Exhibit D-2 is a summary of additional differences in the job duties identified in Ollie's Declaration, that was prepared by Ollie's counsel for the Court's convenience pursuant to Fed. Evid. R. 1006.

9.     Attached hereto as Exhibit E is a true and correct copy of excerpts taken from the deposition testimony of Defendant's 30(b)(6) designee Scott Osbourne (July 17, 2019).

10.    Attached hereto as Exhibit F is a true and correct copy of excerpts taken from the deposition testimony of Named Plaintiff Joseph Kane (June 21, 2019).

11.    Attached hereto as Exhibit G is a true and correct copy of Ollie's Staffing Project Fact Sheet, effective October 21, 2012 and the Ollies Leadership Institute ("OLI") Leadership Ladder, produced at OLLIES 4473-74; 4477.

12.    Attached hereto as Exhibit H is a true and correct copy of Ollie's Before & After, Supervisor Changes & Job Duty Summary document dated 10-21-12, produced at OLLIES 4467-69.

13.    Attached hereto as Exhibit I is a true and correct copy of documents prepared by Plaintiff Rich when he hired employees, which was marked as Rich Deposition Exhibits 2-6, and bates numbered  OLLIES 5538-39; 5545-46; 5579-81; 5547-52; 5559-66; 5567-72.

14.     Attached hereto as Exhibit J is a true and correct copy of Ollie's 45 day update since June 25, 2012 announcement of staffing changes, produced at OLLIES 4459-60.

15.     Attached hereto as Exhibit K is a true and correct copy of Ollie's notes of an October 15, 2012 phone call to Store Team Leaders, produced at OLLIES 4464-66.

16.     Attached hereto as Exhibit L is a true and correct copy of excerpts taken from the deposition testimony of Opt-In Plaintiff Dorothy Benson (September 26, 2019).

17.     Attached hereto as Exhibit M is a true and correct copy of termination documents for Plaintiffs Dorothy Benson (Benson Deposition Exhibit 10, produced at  Benson 14); Travis Brake (Brake Deposition Exhibit 8, produced at OLLIES 4642); Joseph Kane (Kane Deposition Exhibit 35, produced at OLLIES 532, William Palmer Rich (produced at OLLIES 4876); and Brittany White (produced at OLLIES 4820).

18.     Attached hereto as Exhibit N is a true and correct copy of excerpts taken from the deposition testimony of Opt-In Plaintiff Travis Brake (September 18, 2019).

19.     Attached hereto as Exhibit O is a true and correct copy of, the Store Operations Team Leader Performance Review of Plaintiff Benson, dated April 18,

2018, which was marked as Benson Deposition Exhibit 7, produced at OLLIES 4500-4503.

20.    Attached hereto as Exhibit P is a true and correct copy of Ollie's Job Duty Summary for Store Team Leader (STL), Co-Team Leader (CTL) and Assistant Team Leader (ATL), effective October 21, 2012, produced at OLLIES 4471-72.

21.    Attached hereto as Exhibit Q is a true and correct copy of Ollie's "Leadership Duties by Position", produced at OLLIES 4482.

22.    Attached hereto as Exhibit R is a true and correct copy of the Co-Team Leader Job Description, produced at OLLIES 663-64, and marked as Osborne Deposition Exhibit 1.

23.    Attached hereto as Exhibit S is a true and correct copy of excerpts taken from the deposition testimony of Named Plaintiff Candi Marie Amuso (May 29, 2019).

24.    Attached hereto as Exhibit T is a true and correct copy of Named Plaintiff Candi Marie Amuso's Resume, produced by Amuso at 182-183.

25.    Attached hereto as Exhibit U is a true and correct copy of Named Plaintiff Joseph Kane's resume, produced by Kane at Kane 1-2.

26.    Attached hereto as Exhibit V is a true and correct copy of Opt-In Plaintiff Dorothy Benson's resume, which was marked as Benson Deposition Exhibit 7, and produced by Benson at Benson 1-4.

27.     Attached hereto as Exhibit W is a true and correct copy of Opt-In Plaintiff William Palmer Rich's resume, which was marked as Rich Deposition Exhibit 1 and produced by Rich at Rich 1-2.

28.     Attached hereto as Exhibit X is a true and correct copy of Opt-In Plaintiff Travis Brake's resume, produced by Brake at Brake 1-2.

29.     Attached hereto as Exhibit Y is a true and correct copy of Opt-In Plaintiff Brittany White's resume, produced by White at White 4-5.

30.     Attached hereto as Exhibit Z is a summary of key facts showing differences in the Plaintiffs' testimony relating to their job duties, that was prepared by Ollie's counsel for the Court's convenience pursuant to Fed. Evid. R. 1006.

31.     Attached hereto as Exhibit AA is a true and correct copy of documents prepared by Plaintiff Benson when she hired employees, which was marked as Benson Deposition Exhibit 13, and bates numbered OLLIES 5006-5499.

32.     Attached hereto as Exhibit BB is a true and correct copy of excerpts taken from the deposition testimony of Opt-In Plaintiff William Palmer Rich (October 17, 2019).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and accurate.

Executed this 4th day of November, 2019.

_____
Kathleen McLeod Caminiti