**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSEPH KANE, CANDI AMUSO, and KEISHA EDWARDS, individually, and on behalf of all others similarly situated, | : : : : | Civil No. 1:18-CV-02261 |
| Plaintiffs, | : : | |
| v. | : : | |
| OLLIE'S BARGAIN OUTLET HOLDINGS, INC., | : : : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is Plaintiffs' unopposed motion for approval of settlement and dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(2). (Doc. 102.) For the reasons that follow, the motion will be granted.

### BACKGROUND

Plaintiffs Joseph Kane, Candi Amuso, and Keisha Edwards[1] ("Plaintiffs") commenced this putative collective civil action on March 12, 2018, alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–219 ("FLSA"). (Doc. 1.) The complaint alleges that Defendant Ollie's Bargain Outlet Holdings, Inc. ("Ollie's") violated the FLSA by failing to pay overtime compensation and misclassifying Plaintiffs and others as exempt from the FLSA's overtime provisions. (*Id.*) In 2019, four opt-in Plaintiffs joined this action:

---

[1] Keisha Edwards has withdrawn from this action. (Doc. 103, p. 7 n.1.)

Dorothy Benson, Brittany Nikol White, Travis Brake, and William Rich.  (Docs. 43, 44, 47.)  On November 24, 2020, the court denied Plaintiffs' motion for conditional collective certification under the FLSA.  (Docs. 75, 76.)  Thereafter, on February 3, 2021, the parties requested a settlement conference, and this case was referred to Magistrate Judge Susan E. Schwab for settlement.  (Doc. 81.)  Following a year of negotiations, Plaintiffs filed an unopposed motion for approval of settlement and brief in support thereof.  (Docs. 102, 103.)  Under the settlement agreement, Ollie's has agreed to pay Plaintiffs as follows: $10,000 to Kane; $10,000 to Amuso; $24,000 to Benson; $10,000 to White; $4,250 to Brake; $11,000 to Rich; and $87,750 to Plaintiffs' counsel for attorney's fees and costs.  (Doc. 103-2.)

In exchange for this payment, Plaintiffs agree to release Defendants from liability for all state and federal claims for unpaid overtime against Ollie's, as well as any potential additional claims arising out of their prior employment with Ollie's.  (*Id.* at 3.)  Plaintiffs also agree that they "will not seek reemployment with an Ollie's Bargain Outlet."  (*Id.*)

## STANDARD OF REVIEW

The FLSA was enacted to "protect all covered workers from substandard wages and oppressive working hours."  *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 729 (1981).  To safeguard employee rights, "a majority of courts

have held that *bona fide* FLSA disputes may only be settled or compromised through payments made under the supervision of the Secretary of the Department of Labor or by judicial approval of a proposed settlement in an FLSA lawsuit." *Bettger v. Crossmark, Inc.*, No. 13-cv-2030, 2015 WL 279754, at *3 (M.D. Pa. Jan. 22, 2015) (citing *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1354 (11th Cir. 1982)).  While the Third Circuit Court of Appeals has not addressed whether parties can settle FLSA suits for unpaid wages without court approval, "district courts within the Third Circuit have followed the majority position and assumed that judicial approval is necessary."  *Id.*; *see also McGee v. Ann's Choice*, No. 12-cv-2664, 2014 WL 2114582 (E.D. Pa. June 4, 2014); *Owens v. Interstate Safety Serv., Inc.*, No. 17-cv-0017, 2017 WL 5593295 (M.D. Pa. Nov. 21, 2017).

Following the Eleventh Circuit's opinion in *Lynn's Food Stores, Inc.*, a proposed settlement agreement may satisfy judicial review if it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."  679 F.2d at 1355.  A settlement agreement resolves a bona fide dispute if its terms "reflect a reasonable compromise over issues, such as . . . back wages, that are actually in dispute."  *Id.*  If the court is satisfied that the settlement agreement resolves a bona fide dispute, the court then determines whether the agreement is fair and reasonable to the plaintiff, and whether the settlement furthers or "impermissibly

frustrates" the implementation of the FLSA. *Bettger*, 2015 WL 279754, at *4

(citing *Altenbach v. Lube Ctr.*, No. 08-cv-2178, 2013 WL 74251 (M.D. Pa. Jan. 4,

2013)).

## DISCUSSION

The court first addresses whether the settlement agreement resolves a bona

fide dispute between the parties. If the agreement reflects a reasonable

compromise of the issues in this suit, the court can approve the settlement "to

promote the policy of encouraging settlement of litigation." *Lynn's Food Stores,*

*Inc.*, 679 F.2d at 1354. Here, the terms of the agreement itself, Doc. 103-2, as well

as Plaintiffs' complaint, Doc. 1, and Ollie's answer, Doc. 26, demonstrate that a

bona fide dispute exists regarding whether Plaintiffs worked overtime, were

entitled to overtime compensation, and were misclassified under the FLSA. For

example, Plaintiffs allege that they worked in excess of forty hours per week

without appropriate overtime compensation and were misclassified under the

FLSA such that they were ineligible for overtime compensation based on Ollie's

designation. (Doc. 1, ¶¶ 34–84; Doc. 103, p. 14.) Ollie's denies that Plaintiffs

worked over forty hours per week, that it violated the FLSA, and argues that

Plaintiffs' claims may be foreclosed by the statute of limitations. (Doc. 26; Doc.

103, p. 14.) Moreover, disputes existed regarding the work performed by

Plaintiffs, "the proper standards for willfulness and good faith, and how damages

are determined." (Doc. 103, p. 14.) As the court's obligation is "not to act as a caretaker but as a gatekeeper," the court is satisfied that the settlement agreement resolves a bona fide dispute between the parties. *See Joseph v. Caesar's Entm't Corp.*, No. 10-cv-6293, 2012 WL 12898816, at *2 (D.N.J. July 23, 2012).

Turning to the terms of the agreement itself, the court finds that the settlement agreement is fair and reasonable to Plaintiffs. Plaintiffs have been represented by counsel who are well-versed in wage and hour litigation throughout this case. (Doc. 103, pp. 14–16.) Settlement was reached "only after extensive communications and negotiations between experienced counsel[,]" including assistance from Judge Schwab over the past year. (*Id.* at 15–16.) Furthermore, Plaintiffs are being compensated for approximately seventy-five percent of the amounts that they claim may be due to them in connection with their employment with Ollie's, plus non-wage damages in the form of liquidated damages. (Doc. 103-1, p. 7; Doc. 103-2, pp. 1–2.) This agreement represents a "well-reasoned compromise," and "[e]ach Plaintiff has consented to the terms of the Agreement, including their individual award, by personally signing the Agreement." (Doc. 103, p. 17.)

Lastly, the court finds that the settlement agreement does not impermissibly frustrate the implementation of the FLSA. Notably, "there is no non-disclosure provision contained within the agreement." (*Id.* at 19.) "There is 'broad

consensus' that FLSA settlement agreements should not be kept confidential."
*Diclemente v. Adams Outdoor Advert., Inc.*, No. 15-cv-0596, 2016 WL 3654462, at
*4 (M.D. Pa. July 8, 2016). Accordingly, the lack of a confidentiality provision
and the settlement agreement as a whole do not frustrate the implementation of the
FLSA. *See id.*

## CONCLUSION

For the foregoing reasons, Plaintiffs' unopposed motion for approval of
settlement and dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(2) will be
granted. (Doc. 102.) An appropriate order follows.

s/Jennifer P. Wilson

JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: February 22, 2022